IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUPIN ATLANTIS HOLDINGS, | : | CIVIL ACTION |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| RANBAXY | : | |
| LABORATORIES, Ltd., *et al.*, | : | |
| *Defendants*. | : | No. 10-3897 |

## ORDER

**AND NOW**, this 20th day of April, 2011, upon consideration of the Motion to Dismiss filed by Defendants Ranbaxy Laboratories, Ltd., Ranbaxy Pharmaceuticals, Inc., and Ranbaxy, Inc. (collectively, "Ranbaxy") (Docket No. 17), it is hereby **ORDERED** that the Motion is **DENIED**.

It is further **ORDERED** that the unopposed Motions to Seal filed by both Parties (Docket Nos. 16, 31, 35, 37 and 48) are **GRANTED**, for the reasons previously identified by the Court at oral argument on February 25, 2011.[1]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] District courts have inherent equitable power to grant confidentiality orders based upon a finding of good cause, which can be established by a showing that disclosure will work a clearly-defined and serious injury upon the party seeking closure. *Pansy v. Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Here, the Parties demonstrated good cause based upon the fact that the documents in question contain valuable and sensitive proprietary information.
Of course, the Court retains the power to modify or lift confidentiality orders that it has entered. *Id.* at 784-785.